MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: ccmoran@moranlaw.net

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In Re:                                              ) Chapter 13
                                                    )
DANIEL ALFONSO ALVAREZ AND                          )
MARIE CECELIA HAMILTON-ALVAREZ)                     Bankruptcy No. 12-55010
                                                    )
                                                    ) Date:  November 30, 2017
                                                    ) Time:  9:30 a.m.
                                                    ) Room:  3020
              Debtors.                              )
_____                 ) HON. M. ELAINE HAMMOND

**DEBTORS' REPLY**

Respondent Bayview Loan Servicing ("Bayview" or "Respondent") is in the business of collecting payments from borrowers and applying them to the borrower's account. Bayview's opposition seems to take the position that it is the debtors' responsibility to catch and correct Bayview's errors in doing its job. Bayview admits that it failed to file all the required Notice of Mortgage Payment Change, and that it made some adjustment to shield the debtors' from Bayview's failure, then found that its correction was itself in error.

Bayview has now filed two loan histories attached to its Response to the Trustee's Notice, which while differing little in the total of the claimed delinquency, don't even agree on the date and amount of payments received. That discrepancy is seen in the very first entries on the loan histories for September, 2012. The original loan history, filed

10/5/17, shows receipt of a payment of $2570.68 on September 14, 2012 (Page 3). The Amended Loan History, filed 10/24/17, omits this payment. Which are we to believe? If the contention is that the amended history is correct, where did the $2570.68 entry first come from? Further analysis may yield other discrepancies.

Creditor argues that somehow debtors' failure to challenge notices filed by Respondent during the case operates to insulate those payment changes from challenge. The Rule expressly provides that notices filed pursuant to FRBP 3002.1 are not entitled to a presumption of validity. FRBP 3002.1(d). Courts considering the matter have held that failure to challenge a notice filed during the case does not render the change res judicata and beyond challenge. *Bodrick*, 498 BR 793 (Bankr. ND Ohio 2013).

Courts considering inaccurate information supplied by mortgage creditors have held that bad information is worse than not providing any information. *Ferrell*, Case Number 12-04659 (Bankr. SC October 13, 2017), citing *Howard*, 563 B.R. 308, 315 (Bankr. ND Cal. 2016).

The court should find that, under FRBP 3002.1 (i), Respondent is barred from presenting evidence in support of its claimed arrearages for its admitted failure to file all required notices of payment changes. The loan should be deemed current as of the date of the Trustee's notice and the debtor awarded their attorneys fees incurred in this motion.

MORAN LAW GROUP

Date: 11/22/2017            /s/ Cathleen Cooper Moran
                            CATHLEEN COOPER MORAN
                            Attorney for Debtors